EZEKIEL E. CORTEZ
CA Bar No. 112808
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Tel (619) 237-0309 Fax (619) 237-8052
Lawforjustice@aol.com

Attorneys for Defendant: Maria Del Rocio Flores-Huerta

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MARIA DEL ROCIO FLORES-HUERTA,<br><br>Defendant. | Case No. 08 CR 0289-JM<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR DISCOVERY AND FOR LEAVE TO FILE ADDITIONAL MOTIONS**<br><br>**Date: March 7, 2008**<br>**Time: 9:00 a.m.** |

**TO: KAREN P. HEWITT, UNITED STATES ATTORNEY AND JOSEPH J.M. ORABONA, ASSISTANT UNITED STATES ATTORNEY:**

**PLEASE TAKE NOTICE** that on March 7, 2008, at 9:00 a.m., the defendant, Maria del Rocio Flores-Huerta (hereinafter Ms. Flores), by and through her counsel, Ezekiel E. Cortez, will move this Court to grant the motions listed above.

//

//

//

//

**MOTION**

Through her counsel, Ezekiel E. Cortez, and pursuant to Federal Rules of Criminal Procedure 12 and 16, the Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 3501, and applicable local rules, Ms. Flores hereby moves this Court to grant her motions for discovery and for leave to file additional motions.

These motions are based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, the files and records in this case, and all other matters which may be brought to this Court's attention before or during the hearing of this motion.

Respectfully submitted,

Dated: 21 February 2008

/S/*Ezekiel E. Cortez*
Ezekiel E. Cortez
Attorney for Defendant
Maria del Rocio Flores-Huerta

EZEKIEL E. CORTEZ
CA Bar No. 112808
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Tel (619)237-0309 Fax (619)237-8052
Lawforjustice@aol.com

Attorneys for Defendant: Maria del Rocio Flores-Huerta

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 0289-JM |
| | ) | |
| Plaintiff, | ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| v. | ) | |
| | ) | |
| MARIA DEL ROCIO FLORES-HUERTA, | ) | |
| | ) | |
| Defendant. | ) | **Date: March 7, 2008** |
| | ) | **Time: 9:00 a.m.** |
| | ) | |

**I.**

**STATEMENT OF FACTS**

As of today, February 21, 2008 the Government has provided no discovery at all in this case. This statement of facts is taken primarily from the allegations made to date by the Government and it is submitted subject to direct contradiction and/or amplification. Though a founded suspicion motion may be appropriate here, without review and investigation of the reports by the agents involved such a motion cannot at this time be competently prepared. The same applies to any statements motion.

The factual allegations in this case reveal the very clear probability that law enforcement officers had Ms. Flores under surveillance far before she approached Customs Officer Flores' position at the U.S./Mexico Border. It is from this later point where the Government begins its version of events.

According to the Government's Probable Cause Statement, on January 13, 2008, Customs Officer Flores was conducting an Anti-Terrorist and Contraband Enforcement Team southbound operation at the San Ysidro Port of Entry. At approximately 2:45 p.m. a black 2007 Chevy Avalanche bearing California licenses plate number 8J46203 approached his lane. Officer Flores approached the driver of the car, who presented a California driver's license in the name of Mario del Rocio Flores-Huerta. Ms. Flores was asked where she was going to which she responded that she was going to visit her mother. Ms. Flores was then asked is she was taking anything to Mexico to which Ms. Flores again responded that she was not. Officer Flores then asked Ms. Flores if she was taking more than $10,000 and Ms. Flores again responded that she was not. Ms. Flores was inexplicably asked a third time if she was taking anything into Mexico and she responded that she was not.

Officer Flores then escorted the 2007 Chevy Avalanche to the west secondary x-ray area. As Officer Flores escorted Ms. Flores and her three children, Ms. Flores allegedly stated that the vehicle belonged to her friend and that she had been unemployed for the last four months.

After the vehicle was x-rayed, Officer Flores allegedly conducted a seven-point inspection and discovered a corner of the truck floorboard had been cut out. It is unclear whether the X-ray examination revealed anything. After further inspection, Officer Flores discovered a package wrapped in beige masking tape. Officer Flores then removed fifteen packages from the compartment in the truck which contained currency in the amount of $241,240.00.

In an alleged post Miranda statement, Ms. Flores is said to have admitted that she had been told she would be "smuggling" money from the United States into Mexico and she

would be paid $300.00 for her participation. Ms. Flores also allegedly "admitted" that she had previously successfully "smuggled" money out of the country on one prior occasion and had received $300.00.

It appears from the allegations in the complaint and indictment that Ms. Flores-Huerta was the subject of surveillance and was being followed by law enforcement sometime before she arrived at the border area. It is clear that the decision to stop her was made just as she arrived at the U.S./Mexico border. She may have been singled out. If this is the case, there may be an informant and/or discovery relevant to the stop and subsequent search of the vehicle here. There may also be discovery relevant to sentencing which will be helpful to Ms. Flores-Huerta's plea negotiations.

**II.**

**MOTION FOR DISCOVERY**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, the dictates of *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, Ms. Flores respectfully moves for an entry of an order requiring the government to disclose and provide the following specific information and material known, or that with the exercise of due diligence should be known to the government. Ms. Flores requests the government to disclose, and in the case of tangible items, produce for inspection and copying, all evidence in its possession, custody or control which may be relevant to the issues of guilt or innocence ***or mitigation at sentencing***, or which could lead to such material or favorable evidence. Such disclosure and production is to include, but is not limited to:

**REQUEST NO. 1**

Ms. Flores specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

**REQUEST NO. 2**

All arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding Ms. Flores arrest. This request includes, but is not limited to any rough notes, records, reports, transcripts or other documents in which statements of Ms. Flores or any other discoverable material is contained.

**REQUEST NO. 3**

Specific dates and times when Ms. Flores was interviewed or contacted by any agent of the United States including and informant or undercover agent. This request includes a request for all memoranda, reports, recordings, photographs and/or any other record made of such contacts and the substance of any conversations.

**REQUEST NO. 4**

All documents and tangible objects, including, but not limited to videotapes, recordings, transcripts, reports or notes relating or referring to, or constituting, containing or reflecting any statement by Ms. Flores, written, recorded, or oral, whenever and to whomever made.

**REQUEST NO. 5**

With regard to all conversations within the scope of Request No. 2, Ms. Flores requests production of:

(a) the name & address of the person to whom such statement was made;

(b) the name of the person making the statement;

(c) the date on which the statement was made; and

(d) the location where the statement was made.

**REQUEST NO. 6**

The substance of any oral statement, which the government intends to offer in evidence at the trial, made by Ms. Flores, whether before or after her arrest, in response to interrogation by any government agency.

**REQUEST NO. 7**

All recorded conversations, electronic, mechanical, stenographic, or otherwise, of any person, whether or not acting on behalf of the government, which is relevant to the subject matter charged in the indictment in this case, and which is in the possessions, custody, or control of the government, within the meaning of 18 U.S.C. § 3504. This includes wiretaps and cell telephone records obtained by the Government.

**REQUEST NO. 8**

All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the issue of guilt ***or innocence or are mitigating for sentencing as downward adjustments and/or 3553(a) factors***, or are intended for use by the government as evidence in chief at the trial.

**REQUEST NO. 9**

All books, papers, documents, photographs, tangible objects, copies or portions thereof, which were obtained from Ms. Flores or which belong to her.

**REQUEST NO. 10**

All videotapes, or other aural and visual recordings, transcripts thereof, investigative reports, summaries, memoranda and/or notes relating or referring in any way, directly or indirectly to Ms. Flores and the instant charges.

**REQUEST NO. 11**

All results or reports of physical or mental examinations, and or scientific tests or experiments or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the issue of guilt or innocence or are intended for use by the government as evidence in chief at the trial.

**REQUEST NO. 12**

All videotapes, recordings, transcripts, photographs, diagrams, charts, or other demonstrative evidence to be offered by the government in the trial of this case or relating to the offenses charged.

**REQUEST NO. 13**

All documents that describe contacts of whatever sort made by federal agents, or any state, local or foreign agents, involved in the investigation of this case, or any other individuals cooperating with the government in the investigation of this case.

**REQUEST NO. 14**

All documents, tangible objects, or other information which will tend to exculpate Ms. Flores of any of the allegations in the Indictment, ***or that will be favorable to her, or could reasonably weaken or overcome testimony adverse to Ms. Flores given by government witnesses***, including, but not limited to:

(a) All documents, tangible objects, or information tending to show or indicate that Ms. Flores did not *knowingly or intentionally* commit any or all of the offenses charged against her;

(b) The names and address of any persons who have evidence, documents, tangible objects or information tending to exculpate Ms. Flores of any allegations in the indictment, or who have evidence, documents, tangible objects or information which can reasonably weaken or overcome testimony adverse to the defendants given by any government witness; and

(c) The names of all persons interviewed by Government agents and other employees of the Justice Department, or by agents of any state or local agency or agents of any foreign government for whom there are no interview reports, together with a report showing whether notes of the interview were taken contemporaneously with the interview or subsequently, and if so, whether the notes were destroyed.

**REQUEST NO. 15**

Names and addresses of all persons that the government intends to call as witnesses at trial, together with their statements, whether they are recorded or not.

**REQUEST NO. 16**

All documents, tangible objects, and other information relating or referring to, or constituting, containing, reflecting or suggesting any bias or hostility of any witness for the government concerning this investigation.

**REQUEST NO. 17**

Copies of all documents containing allegations of fraud, deceit, perjury, or lack of candor concerning any person the government intends to call as a witness.

**REQUEST NO. 18**

The conviction record of all persons the government intends to call as witnesses at the time of trial, which convictions were punishable by death or imprisonment in excess of one year under the law under which the conviction was obtained, or which involved dishonesty or false statements, regardless of the punishment, within the meaning of Federal Rule of Evidence 609(a).

**REQUEST NO. 19**

All documents, tangible objects or other information relating to the testimony of witnesses whom the government will call at trial, which documents, tangible objects, or information reflects materials that in any way contradict or are inconsistent with the anticipated trial testimony of the witnesses.

**REQUEST NO. 20**

Identify the dates, times, and locations of all prior testimony regarding events of this case by any person the government intends to call as a witness at the time of trial.

**REQUEST NO. 21**

(a) All evidence, documents, tangible objects, and other information exculpatory to Ms. Flores, or favorable to her, or which could reasonably weaken or overcome testimony adverse to her given by any person, which was submitted to the grand jury for its consideration prior to the return of the indictment in this case;

(b) A list of the names of all witnesses appearing before the grand jury in connection with its investigation of the present case; and

(c) The names of all persons designated or sworn as grand jury agents or to whom grand jury material has been disclosed pursuant to the provisions of Rule 6 of the Federal Rules of Criminal Procedure.

Ms. Flores requests that the above materials be made available to counsel as soon as possible after the hearing on these motions in order to allow adequate time for review and to seek further discovery or to file such pretrial motions as may be appropriate.

## III.

## LEGAL BASIS FOR REQUEST

Both the Federal Rules of Criminal Procedure and long-standing precedent dictate that Ms. Flores is entitled to timely discovery production by the government. According to the United States Supreme Court –

> Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. To safeguard that right, the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence.' *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system.

*California v. Trombetta*, 467 U.S. 479, 485 (1984).

The constitutionally guaranteed access to evidence includes a duty upon the government to disclose false testimony, false evidence and to turn over evidence that a witness has lied under oath. See *Napue v. Illinois*, 360 U.S. 264, 269-272 (1959)- "It is of no consequence that the falsehood bore upon the witness' credibility rather than directly upon

defendant's guilt. A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth."

Furthermore, "criminal defendants are entitled to much more than protection against perjury." *Trombetta*, 467 U.S., at 485. Another important constitutionally protected privilege for the defendant is the right to request and obtain evidence from the prosecution that is material to either guilt or punishment of the defendant. See *Brady v. Maryland*, 373 U.S. 83 (1963)- "Suppression by the prosecution of evidence favorable to an accused who has requested it violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Even in the absence of a specific request, the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt about the defendant's guilt. *Trombetta*, 467 U.S., at 485 citing *United States v. Agurs*, 427 U.S. 97, 112 (1976). Evidence favorable to the accused includes material that bears on the credibility of witnesses and includes impeachment evidence. *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1461 (9th Cir. 1992). "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue*, 360 U.S., at 269.

The government is under an obligation to seek out and disclose *Brady* evidence even if the evidence is not in its immediate possession. As stated by the Supreme Court – "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecutor

succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith, see *Brady*, 373 U.S. at 87), the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Kyles v. Whitley*, 514 U.S. 419, 437-438 (1995). Therefore, Ms. Flores is entitled to the above requested evidence whether it is in the possession of the prosecution, Homeland Security, or any other agency of the government. See *Giglio v. United States*, 405 U.S. 150, 154 (1972)- "The prosecutor's office is an entity and as such it is the spokesman for the Government." Further, "An individual prosecutor is presumed…to have knowledge of all information gathered in connection with his office's investigation of the case…" *United States v. Avellino*, 136 F.3d 249, 255 (2d. Cir. 1998).

**CONCLUSION**

For all of the foregoing reasons, Ms. Flores requests this Court to grant her Motion for Discovery and for leave to file additional motions after the government has produced, and Ms. Flores has had an opportunity to review, further discovery in this case.

Respectfully submitted,

Dated: 21 February 2008

/S/*Ezekiel E. Cortez*
Ezekiel E. Cortez
Attorney for Defendant
Maria del Rocio Flores-Huerta

EZEKIEL E. CORTEZ
CA Bar No. 112808
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Tel (619) 237-0309 Fax (619) 237-8052

Attorneys for Defendant: Maria del Rocio Flores-Huerta

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHISN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIA DEL ROCIO FLORES-HUERTA,<br>Defendant. | Case No. 08 CR 0289-JM<br><br>**DEFENDANT'S PROOF OF SERVICE** |

I, the undersigned, hereby declare as follows:

1. I am over 18 years of age, a resident of the County of San Diego, State of California, counsel for the Defendant and that my address is 1010 Second Avenue, Suite 1850, San Diego, CA 92101;

2. That today I served Defendant's Notice of Motion and Motion For Discovery and For Leave to File Additional Motions on opposing counsel by causing to be delivered by e-filing to the Office of the Clerk; and that I mailed a copy to Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 21 February 2008

/S/*Ezekiel E. Cortez*
Ezekiel E. Cortez